R. Peterson et al. v. Charles Rogan, Commissioner.

No. 917. Decided November 22, 1900.

**Land Commissioner—Patent—Mandamus—Chain of Transfers.**

Mandamus will not be granted to compel the issuance of patent to one locating land under certificate granted to another without filing, by the applicant, of his chain of transfer from the original grantee. Rev. Stats., arts. 4182, 4183. (Pp. 176, 177.)

Original application for writ of mandamus against the Commissioner of the General Land Office.

*Walton & Hill*, for applicant.

*T. S. Smith*, Attorney-General, and *T. S. Reese*, Assistant, for respondent.

Brown, Associate Justice.—This action was commenced in this court by R. Peterson and George S. Thebo by petition against Charles Rogan, as Commissioner of the General Land Office, alleging, in substance, that on the 3d day of March, 1860, the State of Texas issued to the Buffalo Bayou, Brazos & Colorado Railway Company a certificate for 640 acres of land which petitioners allege they own and had caused to be located upon the land described, to be surveyed and the field notes returned to the General Land Office within the time required by law. That the survey was made of one tract of 640 acres only and was never divided until in the year 1899, when petitioners caused the survey to be divided into two tracts which were numbered 1 and 2, and one of the surveys was selected by the Commissioner of the General Land Office for the free school fund. It alleges that the field notes of the corrected survey were regularly returned to the General Land Office and that petitioners had tendered the fees and charges required by law, and had demanded of the respondent to issue and deliver to them a patent, which he refused to do. Petitioners pray for a writ of mandamus to compel the Commissioner to issue the patent to them.

The respondent filed a general demurrer and also a special exception to the effect that the petition did not allege that the petitioners had ever filed with the Commissioner of the Land Office a properly authenticated chain of transfers, assignments or obligation for title to the certificate from the original grantee.

The duty of the Commissioner of the General Land Office is prescribed by the following articles of the Revised Statutes:

"Art. 4182. The Commissioner of the General Land Office is hereby required to issue patents to, and in the name of, the assignee of any genuine land certificate issued in conformity to law.

"Art. 4183. Before any patent shall issue to the assignee under the preceding article, he must present and file a sufficient and properly authenticated chain of transfer, assignment, or obligation for title, or

a power of attorney showing a transfer from the original grantee to the assignee."

The petition wholly fails to allege any sufficient ground for granting the writ prayed for. Counsel for petitioner refer to the exhibits attached to the petition, but we find no assignment or other evidence of title to the certificate from the original grantee. In fact, there is no evidence that petitioners ever acquired the right of any person to the certificate or to the land.

The general demurrer and special exception are sustained. The writ of mandamus is refused, and the petition is dismissed at the cost of the plaintiffs.